UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITIBANK, F.S.B., | ) |
|                               Plaintiff, | ) |
| v. | ) |
| | ) |
| MARK S. WEINBERGER, individually; | ) |
| SUBSPECIALTY CENTERS OF AMERICA, LLC, | ) |
| an Indiana limited liability company; | ) |
| MERRILLVILLE CENTER FOR ADVANCED | ) |
| SURGERY, LLC, an Indiana limited liability | ) NO. 2:04 CV 497 PS |
| company; THE NOSE AND SINUS CENTER, LLC, | ) |
| an Indiana limited liability company; 255 EAST 90th | ) |
| LLC, an Indiana limited liability company; MARK | ) |
| WEINBERGER M.D., P.C., an Indiana professional | ) |
| corporation, REJUVENATING LASER SPA, LLC, | ) |
| an Indiana limited liability company, | ) |
| SUBSPECIALTY SURGICENTERS OF AMERICA, | ) |
| LLC, an Indiana limited liability company, | ) |
| NORTHWEST INDIANA REGIONAL | ) |
| DEVELOPMENT COMPANY, an Indiana | ) |
| not–for-profit corporation, and the U.S. SMALL | ) |
| BUSINESS ADMINISTRATION, | ) |
| | ) |
|                               Defendants. | ) |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff, Citibank, F.S.B.'s ("Citibank") oral motion for default against Defendants, Mark S. Weinberger, individually ("Weinberger"), Subspecialty Centers of America, LLC ("Subspecialty"), Merrillville Center for Advanced Surgery, LLC ("Merrillville Center"), 255 East 90th, LLC ("255 East"), The Nose and Sinus Center, LLC ("Sinus Center"), Mark Weinberger, M.D., P.C. ("Weinberger, P.C."), Rejuvenating Laser Spa, LLC ("Rejuvenating Spa"), Subspecialty Surgicenters of America

1

("Subspecialty Surgicenters"), Northwest Indiana Regional Development Company ("NIRDC"), and the United States Small Business Administration ("SBA"). Because the Court finds that Defendants have failed to appear or answer Citibank's Amended Complaint, Citibank's Motion for Partial Default Judgment is Granted and Default Judgment is ENTERED as to Counts IX and XII of Citibank's Amended Complaint.

## BACKGROUND

This is an action commenced by Citibank in the Circuit Court of Lake County, Indiana to foreclose upon two mortgages and certain other property owned by certain of the Defendants, to obtain a judgment against certain of the Defendants on indebtedness secured by such property and to obtain a judgment against certain of the Defendants who are guarantors of such indebtedness.

Dr. Mark S. Weinberger is a physician licensed to practice medicine in the state of Indiana.[1]  Weinberger and Defendants operate a medical center at 270 East 90th, Merrillville, Indiana 46411.   Weinberger is the sole physician responsible for seeing patients at the medical center.

Weinberger, Weinberger P.C., Merrillville Center, and the Sinus Center are the only Defendants that are a party in interest to this Partial Default Judgment (the "Defaulting Defendants").  Citibank, Subspecialty, and the Defaulting Defendants entered into various loan documents (collectively the "Guaranteed Loan Documents") including the following:

---

[1] It appears that the Medical Licensing Board of Indiana suspended Weinberger's medical license on October 28, 2004 and the suspension is effective until at least June 30, 2005.

      a.      On June 25, 2003, Citibank and Subspecialty entered into a Revolving Line of Credit Note ("Revolving Note"), whereby Citibank extended to Subspecialty a revolving line of credit up to $2,500,000.00.

      b.      Also on June 25, 2003, Weinberger, Weinberger, P.C., Merrillville Center, and Sinus Center executed Guarantees of Subspecialty's obligations under the Revolving Note (the "Revolving Note Guarantees").

      c.      On June 26, 2004, Citibank and Subspecialty entered into a Term Note (the "Term Note"), for a loan to Subspecialty in the amount of $1,477,519.00.

      d.      Also on June 26, 2004, Weinberger, Weinberger, P.C., Merrillville Center, and Sinus Center executed Guarantees of Subspecialty's obligations under the Term Note (the "Term Note Guarantees").

Pursuant to the terms of the Revolving Loan Documents and the Term Loan Documents, respectively, Subspecialty is in default if Citibank, in good faith (as defined in the Uniform Commercial Code), determines that any of the following is impaired: (a) the prospect of payment by the Borrower, or any surety or Guarantor, (b) the Collateral, or (c) Citibank's credit risk. Further, upon default the entire sums owing thereunder become immediately due and payable, including attorneys' fees and expenses.

      The Revolving Note Guarantees and the Term Note Guarantees each provide that the Defaulting Defendants are liable to Citibank for the full amount of indebtedness the Defaulting Defendants guaranteed, regardless of whether Citibank pursues Subspecialty (the principal obligor). Thus, Citibank need not obtain a judgment against Subspecialty prior to obtaining judgment against the Defaulting Defendants. Pursuant to the terms of the Revolving Note Guarantees, Weinberger, Weinberger, P.C., Merrillville Center, and Sinus Center are liable for

all sums owing under the Revolving Note.

As of February 14, 2005 the amount owed to Citibank by Subspecialty and the Revolving Note Guarantors is $2,108,223.08, calculated as follows:

| | |
|---|---|
| Principal | $2,087,593.60 |
| Accrued Interest | $20,629.48 |
| Late Fees | $0.00 |
| Per Diem Interest | $289.94 |

Further, Citibank has employed counsel in connection with the Revolving Note and has incurred $67,941.87 in attorneys' fees. Citibank has also incurred $3,293.86 in out-of-pocket expense in connection with the Revolving Note.

Pursuant to the terms of the Term Note Guarantees, the Defaulting Defendants are also liable for all sums owing under that note. As of February 14, 2005, the amount owed to Citibank by Subspecialty and the Term Note Guarantors is $1,418,244.82, calculated as follows:

| | |
|---|---|
| Principal: | $1,403,643.04 |
| Accrued Interest: | $14,601.78 |
| Late Fees: | $0.00 |
| Per diem interest: | $204.70 |

Citibank has employed counsel in connection with the Term Note and has incurred $45,906.67 in attorneys' fees and costs. Citibank has also incurred $2,225.58 in out-of-pocket expense in connection with the Term Note.

On or about September 30, 2004, Citibank was informed that Weinberger had not been to work in several weeks and missed numerous patient appointments. Citibank and Subspecialty filed a Joint Emergency Petition for the Appointment of a Receiver on October 5, 2004. The action was removed to this court by the SBA on December 2, 2004 pursuant to 28 U.S.C. §1444. This Court then approved the appointment of the receiver on February 17, 2005.

Defendants, Subspecialty, Merrillville Center, 255 East, Sinus Center, Weinberger, P.C., Rejuvenating Spa, and Subspecialty Surgicenters (collectively, the "Weinberger Entities") are each Indiana entities with the same registered agent, Dr. Mark S. Weinberger, 255 E. 90th St. P.O. Box 10579, Gary, Indiana 46411. The registered agent being unavailable, service by publication was made pursuant to Federal Rule of Civil Procedure 4(h) and 4(e)(1) and Indiana Trial Rule 4.13. The Return of Service has been filed by Citibank. More than 30 days have passed since the publication of all summonses and neither Weinberger nor the Weinberger Entities have appeared or plead in this cause.[2] [3]

## DISCUSSION

Federal Rule of Civil Procedure 55(b) gives the Court the power to enter default

---

[2] On or about October 5, 2004, Kevin Steele of Burke, Costanza & Cuppy, LLP appeared on behalf of Subspecialty while this matter was pending in the Circuit Court of Lake County, Indiana. This Court granted Kevin Steele's motion to withdraw as counsel herein on January 21, 2005.

[3] Although the Court notes that Entry of Default has not been made pursuant to Fed. R. Civ. P. 55(a) as a prerequisite to default judgment, the Court notes that the preliminary step of entry of default will not likely effect the outcome of this matter given the disappearance of Dr. Weinberger. Accordingly, the Court orders the clerk to enter default pursuant to Fed. R. Civ. P. 55(a).

judgment in this situation, but the Court must exercise sound judicial discretion in doing so. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). The Court may consider a number of factors when deciding a motion for default judgment. These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 3d* § 2685 (1998).

In this instance, we find that the relevant factors balance heavily in support of granting default judgment. While the amount of debt is substantial, the Defaulting Defendants were aware of the terms of the loan documents. Further, there are no material issues of fact in play. Simply stated the Defaulting Defendants entered into various loan documents and have failed to make payments on those loan documents in accordance with their terms. In addition, Dr. Weinberger has disappeared. He is the only physician whose practice supports the various Defaulting Defendants. Given Dr. Weinberger's total disregard for his financial obligations, we seriously doubt that allowing him additional time to respond to Plaintiff's Complaint will bear fruit. Finally, Citibank has waited patiently to this point and will surely be prejudiced by continued delay. Accordingly, we find that default judgment, as set forth below, is appropriate in this matter.

## **CONCLUSION**

As described above, because the Defaulting Defendants have failed to appear or answer

Citibank's complaint, the Court orders the following:

    A.    The Clerk shall enter Default Judgment pursuant to Fed. R. Civ. P. 55(a).

    B.    Citibank shall have and recover a judgment on the Revolving Note Guarantees, against Weinberger, Weinberger, P.C., Merrillville Center, and Sinus Center, jointly and severally, in the amount of $2,108,223.08, plus a per diem of $289.94 after February 15, 2005 until the date hereof together with attorneys' fees in the amount of $67,941.87, reimbursement for other costs in the amount of $3,293.86, for a total judgment of $2,179,458.81, all without relief from valuation and appraisement laws.

    C.    Citibank shall have and recover a judgment on the Term Note Guarantees, against Weinberger, Weinberger, P.C., Merrillville Center, and Sinus Center, jointly and severally, in the amount of $1,418,244.82, plus a per diem of $204.70 after February 15, 2005 until the date hereof together with attorneys' fees in the amount of $45,906.67, reimbursement for other costs in the amount of for $2,225.58, for a total judgment of $1,446,377.07, all without relief from valuation and appraisement laws.

    D.    The court further finds that Weinberger and the Weinberger Entities have failed to respond or otherwise plead in the time permitted by law and have been shown by Affidavit not to be in the service of the United States military, and enters a default judgment against them in this cause.

    E.    Due to the disappearance of Weinberger, Citibank in good faith believes the prospect of Defendants' payment of sums due under each of the Guaranteed Loan Documents is impaired, and deems itself insecure or potentially undersecured. Therefore, the Defaulting Defendants are in default under the Guaranteed Loan Documents.

    F.    This Partial Default Judgment applies only to Counts IX and XII of the Plaintiff's Amended Complaint and shall in no manner affect Plaintiff's right to relief under the other counts of their Complaint, including, without limitation with respect to the 255 East 90th St., Merrillville, Indiana property, with respect to other indebtedness, or with respect to any personal property.

    G.    This judgment shall not affect the right of the SBA to seek judgment on any indebtedness or guarantees owed to them by Defendants.

    H.    As there is no just reason for delay, this Order shall be final judgment as to the matters described herein.

**SO ORDERED.**

ENTERED: April 18, 2005

               s/ Philip P. Simon
              PHILIP P. SIMON, JUDGE
              UNITED STATES DISTRICT COURT