UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITIBANK, F.S.B., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 04 C 497 |
| MARK S. WEINBERGER, individually; | ) |
| SUBSPECIALTY CENTERS OF AMERICA, | ) Honorable Phillip P. Simon |
| LLC, an Indiana limited liability company; | ) |
| MERRILLVILLE CENTER FOR ADVANCED | ) |
| SURGERY, LLC, an Indiana limited liability | ) |
| company; THE NOSE AND SINUS CENTER, | ) |
| LLC, an Indiana limited liability company; 255 | ) |
| EAST 90th LLC, an Indiana limited liability | ) |
| company; MARK WEINBERGER M.D., P.C., an | ) |
| Indiana professional corporation, | ) |
| REJUVENATING LASER SPA, LLC, an Indiana | ) |
| limited liability company, SUBSPECIALTY | ) |
| SURGICENTERS OF AMERICA, LLC, an | ) |
| Indiana limited liability company, NORTHWEST | ) |
| INDIANA REGIONAL DEVELOPMENT | ) |
| COMPANY, an Indiana not–for-profit | ) |
| corporation, the U.S. SMALL BUSINESS | ) |
| ADMINISTRATION, and DELAGE LADEN | ) |
| FINANCIAL SERVICES, | ) |
| | ) |
| Defendants. | ) |

AMENDED REPORT AND RECOMMENDATION

This matter is before the court on the Judgment Entry and Decree of Foreclosure filed by the plaintiff, Citibank FSB, on June 3, 2005. This court **RECOMMENDS** that this motion be **GRANTED**[1] and that judgment be entered pursuant to the terms set forth below:

This is an action commenced by Citibank in the Circuit Court of Lake County, Indiana to foreclose upon two mortgages and certain other property owned by certain of the Defendants, to obtain a judgment against certain of the Defendants on indebtedness secured by such property,

---

[1] Due to a computer error, the proposed order submitted by the parties did not appear in the original Report and Recommendation in the correct format. This Amended Report and Recommendation corrects the previous computer error.

and to obtain a judgment against certain of the Defendants who are guarantors of such indebtedness. This action was removed to this Court by the SBA on December 2, 2004 pursuant to 28 U.S.C. §1444. This Judgment and Decree of Foreclosure applies to the property located at 255 East 90th Drive, Merrillville, Indiana 46410 (the "255 Real Estate") and the property located at 270 and 280 East 90th Drive, Merrillville, Indiana 46410 ("270/280 Real Estate"), each as more fully herein below identified.

Defendants, Subspecialty Centers of America, LLC ("Subspecialty"), Merrillville Center for Advanced Surgery, LLC ("Merrillville Center"), 255 East 90th LLC ("255 East"), The Nose and Sinus Center ("Sinus Center"), Weinberger M.D. P.C. ("Weinberger, P.C."), Rejuvenating Laser Spa, LLC ("Rejuvenating Spa"), and Subspecialty Surgicenters of America LLC ("Subspecialty Surgicenters") (collectively the "Weinberger Entities"), are each Indiana entities with the same registered agent, Dr. Mark S. Weinberger, 255 E. 90th Drive, P.O. Box 10579, Merrillville, Indiana 46410. The registered agent being unavailable, service by publication was made pursuant to Federal Rule of Civil Procedure 4(h) and 4(e)(1) and Indiana Trial Rule 4.13. The Return of Service of Publication was filed by Citibank on January 26, 2005. Neither Weinberger nor the Weinberger Entities have appeared or plead in this cause (with the exception noted at Footnote #1 below). Counsel for Citibank has filed an affidavit to certify that they have received no response from Weinberger or the Weinberger Entities, and that no appearance on behalf of Weinberger or the Weinberger Entities has been entered or proposed to be entered, and that more than 30 days have elapsed since the publication of all summonses.[2]

---

[2] On or about October 5, 2004, Kevin Steele of Burke, Costanza & Cuppy, LLP appeared on behalf of Subspecialty while this matter was pending in the Circuit Court of Lake County, Indiana. This Court granted Kevin Steele's petition to withdraw as counsel herein on January 21, 2005. No appearance from said Defendant has been subsequently presented to this Court or otherwise filed herein.

2

On April 19, 2005, the Clerk of this Court entered a default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against 255 East, Weinberger, P.C., Merrillville Center, Sinus Center and Weinberger, individually, for failing to appear or plead in this cause. No subsequent pleading or petition to vacate such default has been filed by any of these Defendants, and these Defendants continue to be in default for failure to appear or plead.

On February 16, 2005, Citibank made an oral Motion for Partial Agreed Default Judgment regarding the 270/280 Real Estate. On February 17, 2005, Citibank filed its proposed Partial Agreed Default Judgment and Decree of Foreclosure regarding the 270/280 Real Estate.

On March 9, 2005, the Receiver filed his Motion for Approval of Bidding Procedures and Break-Up Fee in Relation to the Receiver's Proposed Sale of Assets (the "Motion for Approval of Bidding Procedures"), and that Motion also now pends in this cause. In the Motion for Approval of Bidding Procedures, the Receiver requests that the Court enter a Sales Procedure Order authorizing the Receiver to conduct an auction sale and to thereby sell the real property and related operating assets of the Weinberger Entities pursuant to certain sales procedures considered by the Receiver to be necessary to realize the best recovery upon the identified assets, all as more fully set forth in the Motion for Approval of Bidding Procedures.

On May 25, 2005, Citibank filed its Motion for a Default Judgment and Decree of Foreclosure regarding the 255 Real Estate (referred to collectively hereafter as the "Motions for Default Judgment"). None of the Defendants has filed a response to the Motions for Default Judgment.

The Court, having considered the Motions for Default Judgment and the materials designated therein, and being duly advised on the premises, now makes the following findings of fact:

1. Citibank, Subspecialty, and various of the Weinberger Entities entered into various loan documents regarding the 270/280 Real Estate (collectively the "June 25, 2003 Loan Documents") including the following:

   a. On June 25, 2003, Citibank and Subspecialty entered into Promissory Note for a loan to Subspecialty in the amount of $960,000 (the "June 25, 2003 Note").

   b. Also on June 25, 2003, Weinberger, Weinberger, P.C., and Sinus Center executed guarantees of Subspecialty's obligations under the June 25, 2003 Note (the "June 25, 2003 Guarantees").

   c. The obligations under the June 25, 2003 Note are secured by a Mortgage on the property commonly known as 270 and 280 East 90th Drive, Merrillville, Indiana 46410, executed on June 25, 2003 by Subspecialty and recorded on August 13, 2003 with the Office of the Recorder of Lake County, Indiana as Document No. 2003094590. The legal description of the property secured by the June 25, 2003 Mortgage is as follows:

      > OFFICE UNIT NUMBERS 5 AND 7 IN EASTON COURT CONDOMINIUM, A HORIZONTAL PROPERTY REGIME, AS PER DECLARATION OF EASTON COURT CONDOMINIUM RECORDED JULY 11, 1990 AS DOCUMENT NO. 1112211 AND THE FLOOR PLANS THEREOF RECORDED JULY 11, 1990 IN PLAT BOOK 69 PAGE 1 AND FIRST AMENDMENT THERETO RECORDED JUNE 8, 1992 AS DOCUMENT NO. 92036741, AND AMENDED FLOOR PLANS THEREOF, RECORDED JUNE 8, 1992 IN PLAT BOOK 72 PAGE 43 IN THE OFFICE OF THE RECORDER OF LAKE COUNTY, INDIANA, AND THE UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPERTAINING THERETO.

2. As of June 3, 2005, the total amount due and owing under the June 25, 2003 Loan Documents is $923,520.24 calculated as follows:

>Principal:   $899,982.91

>Accrued Interest:   $9,493.58

>Late Fees:   $0.00

>Per diem interest:   $131.25  (02/17/05 through 06/03/05)


3.   Pursuant to the June 25, 2003 Loan Documents, Citibank is entitled to recover its costs and attorneys' fees incurred in the prosecution of the foreclosure of the June 23, 2003 Loan Documents, the amounts of which are supported by affidavit and as follows:  Twenty Seven Thousand, Five Hundred Forty-four Dollars ($27,544.00) in attorneys' fees and One Thousand, Three Hundred Thirty-five and 34/100 Dollars ($1,335.34) in other costs.

4.   In addition, Citibank and the Weinberger Entities entered into various loan documents regarding the 255 Real Estate (collectively the "June 28, 2002 Loan Documents"), including the following:

   a. On June 28, 2002, Citibank and 255 East entered into a Promissory Note for a loan to 255 East in the amount of $1,500,000 (the "June 28, 2002 Note").

   b. Also on June 28, 2002, Weinberger, Weinberger, P.C. Merrillville Center, and Sinus Center executed guarantees of 255 East's obligations under the June 28, 2002 Note (the "June 28, 2002 Guarantees").

   c. The obligations under the June 28, 2002 Note are secured by a Mortgage on the property commonly known as 255 East 90th Drive, Merrillville, Indiana 46410, executed on June 28, 2002 by 255 East and recorded on July 11, 2002 with the Office of the Recorder of Lake County, Indiana as Document No. 2002062543.

5

The legal description of the property secured by the June 28, 2002 Mortgage is as follows:

> Part of Tract "G" in Phase One, Broadfield Center, Development Plan, as per plat thereof, recorded in Plat Book 48 page 82, in the Office of the Recorder of Lake County, Indiana, and being more particularly described as follows: Beginning at the Southeast corner of Georgia Street (formerly known as Greenfield Drive, 80 feet wide) and Connecticut Avenue (formerly known as Broadfield Drive, 80 feet wide); thence North 52 degrees 00 minutes 00 seconds East along the Southerly right-of-way line of said Georgia Street, a distance of 186.64 feet to a point of curve; thence Northeasterly along said Southerly right-of-way line of Georgia Street, on a curve concave to the Southeast, and having a radius of 885.00 feet (the chord of which bears North 54 degrees 20 minutes 19 seconds East, a chord distance of 72.22 feet), an arc distance of 72.24 feet; thence South 33 degrees 19 minutes 23 seconds East, a distance of 400.00 feet; thence South 88 degrees 47 minutes 42 seconds West, a distance of 352.38 feet, to a point on the Easterly right-of-way line of Connecticut Avenue; thence Northwesterly along said Easterly right-of-way line of Connecticut Avenue, on a curve concave to the Southwest, and having a radius of 490.00 feet (the chord of which bears North 21 degrees 37 minutes 28 seconds West, a chord distance of 198.61 feet) an arc distance of 200.00 feet, to the place of beginning, all in the Town of Merrillville, Lake County, Indiana.

5. As of June 3, 2005, the total amount due and owing under the June 28, 2002 Loan Documents is $1,370,848.39, calculated as follows:

      Principal: $1,331,250.00

    Accrued Interest: $32,366.01

      Late Fees: $3,617.67

    Per diem interest: $212.63  (05/18/05 through 06/03/05)

  6. Pursuant to the June 28, 2002 Loan Documents, Citibank is entitled to recover its costs and attorneys' fees incurred in the prosecution of the foreclosure of the June 28, 2002 Loan Documents, the amounts of which are supported by affidavit and as follows:  One Hundred Twenty Four Thousand, Seven Hundred Sixty-seven and 75/100 Dollars ($124,767.75) in attorneys' fees, and Eight Hundred Forty-three and 65/100 Dollars ($843.65) in other costs.

  Based on the foregoing findings of fact, the Court concludes and it is hereby Ordered that:

  a. The Court finds that Weinberger and the Weinberger Entities have failed to respond or otherwise plead in the time permitted by law and that Weinberger has been shown by Affidavit not to be in the service of the United States military, and enters a default judgment against them in this cause.

  b. Citibank shall have and recover a judgment against Subspecialty, Weinberger, Weinberger, P.C., and Sinus Center, jointly and severally, in the amount of Nine Hundred Twenty-three Thousand, Five Hundred Twenty and 24/100 Dollars ($923,520.24), plus a per diem of One Hundred Thirty-one and 25/100 Dollars ($131.25) after June 3, 2005 until the date hereof together with attorneys' fees in the amount of Twenty Seven Thousand, Five Hundred Forty-four and 00/100 Dollars ($27,544.00 Dollars), reimbursement for other costs in the amount One

Thousand, Three Hundred Thirty-five and 34/100 Dollars ($1,335.34), for a total judgment of Nine Hundred Fifty-two Thousand, Three Hundred Ninety-nine and 58/100 Dollars ($952,399.58), all without relief from valuation and appraisement laws.  Subject only to Subparagraph k of this Paragraph 6, such judgment shall be and constitute a first and prior lien against the 270/280 Real Estate, including any proceeds realized or to be realized from the sale thereof pursuant to the terms of this Judgment.

c. Citibank shall also have and recover a judgment against 255 East, Weinberger, Weinberger, P.C., Sinus Center and Merrillville Center, jointly and severally, in the amount of One Million, Three Hundred Seventy Thousand, Eight Hundred Forty-eight and 39/100 Dollars ($1,370,848.39), plus a per diem of Two Hundred Twelve and 63/100 Dollars ($212.63) after June 3, 2005 until the date hereof together with the attorneys' fees in the amount of One Hundred Twenty-four Thousand, Seven Hundred Sixty-seven and 75/100 Dollars ($124,767.75), reimbursement for other costs in the amount Eight Hundred Forty-three and 65/100 Dollars ($843.65), for a total judgment of One Million, Four Hundred Ninety-six Thousand, Four Hundred Fifty-nine and 79/100 Dollars ($1,496,459.79), all without relief from valuation and appraisement laws.  Subject only to Subparagraph k of this Paragraph 6, such judgment shall be and constitute a first and prior lien against the 255 Real Estate, including any proceeds realized or to be realized from the sale thereof pursuant to the terms of this Judgment.

d. To the extent of any further attorneys' fees, costs and/or expenses actually incurred by Citibank in the prosecution of the foreclosure matters addressed

hereby through the sale confirmation, Citibank shall be entitled to petition the Court for such further award as it may be entitled, the same to then enjoy a lien entitlement in all respects consistent with the terms of this Judgment.

e. The equity of redemption of Weinberger or any of the Weinberger Entities and all persons claiming from, under, or through them, in and to the 270/280 Real Estate and the 255 Real Estate to be foreclosed herein is hereby forever barred and foreclosed.  The 270/280 Real Estate and 255 Real Estate, and all right, title, interest and claim of Weinberger or the Weinberger Entities, and of all persons claiming from, under, or through them, or unto the same, or so much thereof as may be necessary for such purpose, shall be sold by auction to be organized and held by the Receiver in this matter.

f. Said auction shall be held and conducted in accordance with the terms and conditions of this Order, a companion Order entered by this Court on or about June 3, 2005 pursuant to the Receiver's Motion for Approval of Bidding Procedures, and the Order Authorizing the Receiver's Engagement of an Auctioneer, entered by this Court on May 27, 2005.

g. At the conclusion of the bidding at the auction referenced herein, the Receiver, in conjunction with the SBA and the Citibank representative, shall meet separately to evaluate the various bids received, and to identify the winning bid or bids, including the allocation of the bid consideration among the affected items of collateral, as appropriate.

h. Citibank, or any assignee of its judgment, is hereby authorized to bid and receive credit for the amount of its lien in the 270/280 Real Estate and 255 Real Estate, as now adjudicated herein, at the sale to be conducted in this cause.

i. The Receiver is ordered and directed to separately retain and preserve in trust the proceeds arising from such sale pending the further Order of the Court.

j. Other mortgage creditors whose lien entitlements against the subject Real Estate are properly adjudicated by a then final judgment prior to the auction shall be similarly entitled to credit bid their interest. In all other cases, the parties' respective liens shall attach to available remaining proceeds, if any, for determination by the Court at a future date.

k. The determination of the Receiver's fees and charges (including the fees and charges of his legal counsel), including issues regarding their allocation against various properties of the Receiver's Estate (including, without limitation, the subject parcels of Real Estate) shall be left for future determination by this Court.

l. Upon any entitlement in favor of the Receiver (including his attorneys), subsequently determined in accordance with Subparagraph k of this Paragraph 6 to be superior in right or interest to the rights and interests of Citibank as now adjudicated hereby, to the extent Citibank's credit bid is finally determined to be, and is confirmed by the Court as the successful bid, Citibank shall be obligated to satisfy said superior entitlement not later than five (5) business days after the applicable sale confirmation order becomes final.

m. Upon demand and exhibit of a deed from the Receiver conveying the 270/280 Real Estate, the Defendants to this action, or other persons who may be in

possession of said property or any part thereof, shall forthwith surrender the same to the holder of said deed full and peaceful possession of the same.

n. Upon demand and exhibit of a deed from the Receiver conveying the 255 Real Estate, the Defendants to this action, or other persons who may be in possession of said property or any part thereof, shall forthwith surrender the same to the holder of said deed full and peaceful possession of the same.

7. The auction hereinabove addressed shall be held on July 12, 2005 at 10:00 a.m. at 255 East 90th Drive, Merrillville, Indiana.

8. A hearing to consider the confirmation of the results obtained at the auction now approved hereby is hereby scheduled for July 13, 2005 at 1:00 p.m. at the United States District Court for the Northern District of Indiana, Hammond Division, in the Courtroom of the Honorable Andrew P. Rodovich, 5400 Federal Plaza, Hammond, Indiana 46320.

9. The Court finds that there is no just reason for delay and enters final judgment as to the matters described herein.

ALL OF WHICH IS ORDERED, ADJUDGED AND DECREED this ____ day of June, 2005.

                                                        Judge Phillip P. Simon

Pursuant to 28 U.S.C. §636(b)(1), the parties shall have until June 9, 2005, to file written objections thereto with the Clerk of Court, with extra copies mailed to the Chambers of the Honorable Philip P. Simon, Judge of the United States District Court, Hammond Division, and the Chambers of United States Magistrate Judge Andrew P. Rodovich.  The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Systems Corporation***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 9th day of June, 2005

s/ ANDREW P. RODOVICH
  United States Magistrate Judge